DARRYL A. STALLWORTH (SBN: 163719)
The Law Office of Darryl A. Stallworth,
A Professional Corporation
2355 Broadway, Suite 303
Oakland, CA 94612
Telephone: (510) 271-1900
Facsimile: (510) 271-1902

Attorney for Defendant
STEPHAN FLORIDA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHAN A. FLORIDA,<br><br>Defendant. | Case No. 4:14-cr-00582-KAW-05<br><br>**STIPULATION REGARDING DECEMBER 14, 2016 MOTION OF FORFEITURE OF PROPERTY HEARING**<br><br>Date: December 14, 2016<br><br>Time: 10:30 a.m.<br><br>Courtroom 4<br><br>**Honorable Judge Kandis A. Westmore** |

TO THE ABOVE-ENTITLED COURT, AND UNITED STATES DEPARTMENT OF JUSTICE, ANTITRUST DIVISION – SAN FRANCISCO OFFICE:

PLEASE TAKE NOTICE that this matter is set for a hearing on the United States' Motion of Forfeiture of Property on December 14, 2016 at 10:30 a.m. Since the United States filed its motion, defendant Stephan Florida has pleaded guilty pursuant to a plea agreement to Count 1 of the Indictment, alleging a violation of bid rigging, 15 U.S.C. § 1. He is currently awaiting sentencing before the Honorable Judge Hamilton, which is currently scheduled for January 11, 2017.

-1-

STIPULATION REGARDING DECEMBER 14, 2016 MOTION OF FORFEITURE OF PROPERTY HEARING
UNITED STATES OF AMERICA vs. STEPHAN A. FLORIDA
(U.S. Northern District of California Case No. 4:14-cr-005823-KAW-05)

With regard to the conduct constituting defendant's pretrial release violations, on August 2, 2016, defendant pleaded guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846; two counts of manufacture, distribution, and possession of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and one count of sale of counterfeit drugs, in violation of 21 U.S.C. § 333(i)(3), in *United States v. Beckford, et al.*, Case No. 4:16-cr-00013 JSW. Defendant was sentenced to a term of imprisonment of 14 months in prison.

The district court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2), (f)(4). The decision whether to set aside or remit a forfeiture rests within the sound discretion of the court. *United States v. Frias-Ramirez*, 670 F.2d 849, 852 (9th Cir. 1982).

Here, the parties submit that given that the defendant has pleaded guilty to felony charges based on his pretrial release violations, as well as pleaded guilty to the antitrust charge underlying his pretrial release conditions, that the interests of justice do not require forfeiture of the full amount of the $250,000 bond executed on December 8, 2014, and the $500,000 bond executed on April 15, 2015. The parties respectfully suggest that the punishment that defendant will receive pursuant to these proceedings, as well as the following proposed forfeiture judgment, will be sufficient to reflect the seriousness of defendant's pretrial release violations and the resulting breach of his bond commitments.

Based on the foregoing, the parties STIPULATE and AGREE to the following resolution to the United States' Motion for Forfeiture of Bonds:

1. Defendant violated the condition in the December 8, 2014, and April 15, 2015, bonds that he would not commit any federal, state, or local crime. Defendant also violated the condition in his April 15, 2015, bond that he would not possess any controlled substance without a legal prescription.

2. Defendant Florida agrees to forfeit his $250,000 unsecured bond executed on December 8, 2014, as well as an additional amount of $50,000. Pursuant to Fed. R. Crim. P. 46(f), judgment will be entered in favor of the United States and against defendant in the sum of $300,000 plus interest from the date of entry of judgment as provided by law until paid in

-2-

STIPULATION REGARDING DECEMBER 14, 2016 MOTION OF FORFEITURE OF PROPERTY HEARING
UNITED STATES OF AMERICA vs. STEPHAN A. FLORIDA
(U.S. Northern District of California Case No. 4:14-cr-005823-KAW-05)

full, plus costs of court. Defendant shall make payments in annual installments of at least $6,000, to commence 90 days after he is released from incarceration. Defendant further agrees to complete his payments on the outstanding judgment within ten years of his release, unless he seeks leave of the court.

3. The government on its own motion will exonerate the $500,000 property bond that was executed by defendant and sureties Belinda Florida and Crystal Florida. Belinda Florida and Crystal Florida are released from any further liability, and the real property pledged by Belinda Florida to secure the $500,000 shall be re-conveyed back to Ms. Belinda Florida.

**SO STIPULATED.**

Dated: November 29, 2016

/S/
MANISH KUMAR
Trial Attorney
U.S. Department of Justice
Antitrust Division

Dated: November 29, 2016

/S/
DARRYL A. STALLWORTH
Attorney for Defendant, STEPHAN A. FLORIDA

**SO ORDERED.**

Date: 12/2/16

*Kandis Westmore*
HONORABLE KANDIS A. WESTMORE
UNITED STATES DISTRICT COURT

STIPULATION REGARDING DECEMBER 14, 2016 MOTION OF FORFEITURE OF PROPERTY HEARING
UNITED STATES OF AMERICA vs. STEPHAN A. FLORIDA
(U.S. Northern District of California Case No. 4:14-cr-005823-KAW-05)